UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
TANJENIK BYRD, TYREANA EDMONDS,

Plaintiffs,

          -against-                                     (PROPOSED)
                                           AMENDED COMPLAINT
                                         JURY TRIAL DEMANDED

TOWN OF DEWITT, NEW YORK, NEW YORK,
TOWN OF
DEWITT POLICE OFFICER COREY BUYCK, individually and in
his official capacity, TOWN OF DEWITT POLICE OFFICER RORY SPAIN
individually and in his official capacity,

Defendants.

------------------------------------------------------------------------x
Comes now the Plaintiffs TANJENIK BYRD, TYREANA EDMONDS, by and through their

attorney Jasper Mills, Esq. complaining of the Defendants the following charges under penalty of

perjury and state that:

**JURISDICTION**

1.      TANJENIK BYRD, and TYREANA EDMONDS, bring this lawsuit under the United

States Constitution, and pursuant to Title 42 U.S.C. § 1983 et. seq. &§ 1988   This Court has

subject matter jurisdiction of this lawsuit based on Title 28 U.S.C. §§1331 (federal question) and

1343(3) (equal rights).


**VENUE**

2.      This Court is the proper venue for this lawsuit pursuant to 28 U.S.C. § 1391(b)(1)

because all the events complained of occurred within the Northern District of New York, and the

1

Defendant municipality and individual Defendants are located within the Northern District of New York, and, upon information and belief, all of the Defendants reside within New York State.

**PARTIES**

3.      Plaintiffs are residents of the state of New York, and at all times, material to the allegations in the Complaint, were in the Town of Dewitt when the incidents which gave rise to this Complaint occurred.

4.      Plaintiff Tajenik Byrd (hereinafter "Byrd") is an African American female who resides in Syracuse and was at all times material to the allegations of the Complaint a resident of the State of New York.

5.      Plaintiff Tyreana Edmonds (hereinafter "Edmonds") is an African American female who resides in Albany and was at all times material to the allegations of the Complaint a resident of the State of New York (Byrd and Edmonds are collectively referred to herein as "Plaintiffs").

6.      Defendant Town of DeWitt (hereinafter "Town"), a town in Onondaga County, New York is a political subdivision within the State of New York and provides governmental services for the public within the County of Onondaga.  The Town of Dewitt Police Department is an administrative arm of the Town and is maintained by the Town for the welfare of the public.

7.      Defendant Town of Dewitt Police Officer Corey Buyck (hereinafter "Buyck") is an employee of the Town of DeWitt Police Department and was employed as a police officer who was acting within the scope of his authority at all times material to the allegations of the Complaint.

8.      Defendant Town of Dewitt Police Officer Rory Spain (hereinafter "Spain") is an

employee of the Town of DeWitt Police Department and was employed as a police officer

who was acting within the scope of his authority at all times material to the allegations of the

Complaint (Buyck and Spain are collectively referred to herein as "the Officers").


## PRELIMINARY STATEMENT

9.      On July 4, 2021, Plaintiffs were shopping at the Walmart located in East Syracuse, New

York, which is located within the Town of DeWitt.

10.     Byrd and Edmonds were there with their children and their nephew when they were

approached by a group of females who had previously attempted to assault Byrd.

11.     This group of females became aggressive, and after a brief encounter, Byrd and Edmonds

were attempting to leave the store.

12.     Upon attempting to exit Walmart's, Byrd and Edmonds were approached and stopped by

the Officers who were in uniform and acting in concert. As the Officers approached Byrd and

Edmonds, Plaintiffs were immediately accosted by the Officers.

13.     Prior to any questioning and without any investigation, inquiry, and without any

reasonable or probable cause, the Officers forcibly attempted to place Byrd and Edmonds in

handcuffs. At this point, the Officers proceeded to forcibly slam the Plaintiffs onto the ground

and subject them to physical abuse.  Plaintiffs spoke up, saying they had not done anything

wrong and asking the Officers to explain why the Officers were physically assaulting,

handcuffing and arresting Plaintiffs.  However, the Officers violent conduct only further

escalated.

14.     At that time Byrd was visibly pregnant and was experiencing a high-risk pregnancy. Nevertheless, Byrd was dragged across the floor by the Officers. While Byrd was being dragged across the floor, one of the Officers' elbows was pressed on Byrd's belly, causing internal bleeding, and her arms were distended and extended close of dislocation.

15.     In addition to dragging Edmonds across the floor, she was pummeled and violently punched by one of the Officers in the throat and face. During the time that Plaintiffs were assaulted by the Officers, Plaintiffs were subjected to vile obscenities from the Officers.

16.     During the fracas Byrd became partially disrobed and at some point, her undergarments were exposed.  Thereafter, Plaintiffs were paraded through the store with Byrds' undergarments exposed, thereby subjecting Plaintiffs to additional embarrassment and humiliation in public. Byrd asked the Officers to pull up her clothes but the Officers refused to do so.  Byrd and Edmonds were subsequently arrested and charged with crimes by the Officers and the Town.

17.     All of these action by the Officers occurred in the presence of Byrd's daughter Nyera Ortiz and Demmca Edmonds who is the mother of both Plaintiffs.

18.     The Officers physically abused the Plaintiffs who were struck, punched and dragged by the Officers who failed to inquire, investigate or take any action(s) which would have given them probable cause to believe a crime had been committed by the Plaintiffs.  The Officers and the Town arrested and charged the Plaintiffs., and the resulting prosecution was still pending until all charges were dismissed in December of 2022.

19.     Byrd and Edmonds served Notices of Claim on defendant TOWN OF DEWITT, NEW YORK, VILLAGE OF EAST SYRACUSE, ONONDAGA COUNTY, NEW YORK, on or about (August 25, 2020), a date within 90 days of the accrual of these claims.

20.      Byrd and Edmonds were examined by counsel for the Town at an examination pursuant

to NY General Municipal Law 50-h on October 11, 2021.

## FIRST CAUSE OF ACTION
### 42 USC §1983

### UNLAWFUL SEIZURE

21.      Plaintiff's repeat and reallege the allegations previously set forth in paragraphs 1 – 20 and

are incorporated by reference as if fully set forth herein.

22.      Defendants Buyck, and Spain, acting under color of state law, intentionally violated

Plaintiffs' rights protected by the 4th and 14th Amendments to the U.S. Constitution which

entitles Plaintiffs to be free from unreasonable and warrantless searches and seizures by law

enforcement officers such as the Officers.  Consequently, Defendants Buyck, and Spain are

liable to Byrd and Edmonds for the injuries to Plaintiffs which were directly and proximately

caused by the Officers while acting within the scope of the Officers' authority.

23.      Plaintiffs have been damaged as the result of the Defendants' actions and conduct in an

amount to be determined at trial.

## SECOND CAUSE OF ACTION
### 42 USC §1983

### EXCESSIVE FORCE

24.      Plaintiffs repeat and reallege the allegations previously set forth in paragraphs 1 – 23 and

are incorporated by reference as if fully set forth herein.

25.      Defendants Buyck and Spain, while acting under color of state law, intentionally violated

Plaintiffs' rights protected by the 4th and 14th Amendments to the U.S. Constitution, by

grabbing, tossing, dragging, pushing, pulling and punching Plaintiffs in a forceful manner

across the floor of the store.  These actions constituted unnecessary, unreasonable, and unwarranted excessive force.

26.     By these actions, the Officers intentionally violated Plaintiffs' rights protected by the 4th and 14th amendments to the U.S. Constitution which guarantee that Plaintiffs would be free from the use of unreasonable and excessive force by law enforcement officers. Consequently, Buyck and Spain are liable to Byrd and Edmonds for the injuries which were directly and proximately caused by the Officers while acting within the scope of the Officers' authority.

27.     Plaintiffs have been damaged as the result of the Officers' actions and conduct in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### 42 USC §1983

### FALSE ARREST

28.     Plaintiffs repeat and reiterate the allegations set forth in paragraphs 1 – 27 as if the allegations therein were fully set forth herein.

29.     Plaintiffs Byrd and Edmonds were lawfully upon the premises of Walmart when they were confronted by a person who had an interpersonal disagreement with Byrd because of a mutual paramour.

30.     The disagreement did not result in any physical fight and the extent of the interaction between these two women was verbal.

31.     At the time Plaintiffs were encountered by the Officers, who were in uniform, that verbal disagreement had ended and Plaintiffs were attempting to leave Walmart.

32.     The Officers immediately accosted Byrd and Edmonds upon sight and proceeded to arrest Plaintiffs even though the Officers had not witnessed a crime and did not have probable cause to physically detain and restrain Plaintiffs.

33.     Plaintiffs were arrested and charged with various crimes by Defendants after the Officers assaulted and brutalized Byrd and Edmonds.

34.     The Officers lacked probable cause to arrest Plaintiffs, and the Officers did not conduct an investigation into the background facts before accosting, assaulting, brutalizing, battering, handcuffing and arresting Plaintiffs. By these actions, the Officers intentionally violated Plaintiffs' rights protected by the 4th and 14th amendments to the U.S. Constitution which guarantee that Plaintiffs would be free from false arrest and/or a deprivation of their liberty rights without due process of law.  Consequently, Buyck and Spain are liable to Byrd and Edmonds for the injuries which were directly and proximately caused by the Officers while acting within the scope of the Officers' authority.

35.     Plaintiffs have been damaged as the result of the Officers' false arrest in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### 42 USC §1983

### FALSE IMPRISONMENT

36.     Plaintiffs repeat and reiterate the allegations set forth in paragraphs 1 – 35 as if the allegations therein were fully set forth herein.

37.     Plaintiffs were physically assaulted and restrained when the Officers struck Plaintiffs about the body and dragged Plaintiffs out of the store and refused to allow Plaintiffs to cover their undergarments which were exposed to the public by the Officers' actions.

7

38.     The Officers restrained Byrd and Edmonds upon sight and, before restraining Plaintiffs, the Officers never bothered to investigate the circumstances which caused the Officers to go to Walmart.  Based upon the foregoing, the Officers falsely imprisoned Plaintiffs, who did not consent to their arrest and/or imprisonment, and Plaintiffs' arrest and imprisonment was without probable cause or other legal authority and violated Plaintiffs' Constitutional rights.

39.     By these actions, the Officers intentionally violated Plaintiffs' rights protected by the 4th and 14th amendments to the U.S. Constitution which guarantee that Plaintiffs would be free from false imprisonment and/or a deprivation of their liberty rights without due process of law.  Consequently, Buyck and Spain are liable to Byrd and Edmonds for the injuries which were directly and proximately caused by the Officers while acting within the scope of the Officers' authority

40.     Plaintiffs have been damaged as the result of the Officers' false imprisonment in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**42 USC §1983**

**ASSAULT**

41.     Plaintiffs repeat and reiterate the allegations set forth in paragraphs 1 – 40 as if the allegations therein were fully set forth herein.

42.     Immediately upon seeing Plaintiffs, the Officers grabbed, restrained, manipulated, controlled and directed physical contact of the Plaintiffs' bodies without any justification.

43.     The Officers struck, hit and physically abused Plaintiffs who were at a severe physical disadvantage to the Officers.  As a result of the physical encounter directed at Plaintiffs by

the Officers, in which Plaintiffs were struck, kicked, dragged, pulled, punched and taken into custody, Plaintiffs sustained physical injuries.

44.    By these actions, the Officers intentionally violated Plaintiffs' rights protected by the 4th and 14th amendments to the U.S. Constitution which guarantee that Plaintiffs would be free from the use of unreasonable and excessive force by law enforcement officers. Consequently, Buyck and Spain are liable to Byrd and Edmonds for the injuries which were directly and proximately caused by the Officers while acting within the scope of the Officers' authority.

45.    Plaintiffs have been damaged as the result of the Officers' assault in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**
**42 USC §1983**

**BATTERY**

46.    Plaintiffs repeat and reiterate the allegations set forth in paragraphs 1 – 45 as if the allegations therein were fully set forth herein.

47.    The Officers failed to inquire of anyone what had transpired in Walmart, and immediately grabbed the Plaintiffs and subjected them to an unwarranted application of force causing bodily injury or offensive contact.

48.    The violent arrest of Plaintiffs was unwarranted and resulted in Byrd's undergarments being fully exposed to the public in and outside of the Walmart. Despite Byrd's numerous requests to the Officers to be able to fix her dress -- to which they replied "Fuck no" – the Officers would not allow Byrd to regain her dignity and a stranger actually stepped from the assembled onlookers to pull down her skirt.

9

49.     The entire melee was captured on video which subsequently went viral, and the incident was broadcast and viewed on the Internet showing all of Byrd's various stages of undress.

50.     Plaintiffs were subjected to public humiliation and embarrassment as a result of this false arrest, imprisonment, assault and battery in front of their mother, child and the world.

51.     Based upon the foregoing the Officers intended to intentionally inflict emotional distress upon Plaintiffs.

52.     By these actions, the Officers intentionally violated Plaintiffs' rights protected by the 4th. Amendment to the U.S. Constitution which guarantee that Plaintiffs would be free from the use of unreasonable force by law enforcement officers, and violates Plaintiffs' recognized right to bodily integrity as encompassed by the liberty interest protected by the 14th Amendment.  Consequently, Buyck and Spain are liable to Byrd and Edmonds for the injuries which were directly and proximately caused by the Officers while acting within the scope of the Officers' authority.

53.     Plaintiffs have been damaged as the result of the Officers' battery in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION
### 42 USC §1983

### MALICIOUS PROSECUTION

54.     Plaintiffs repeat and reiterate the allegations set forth in paragraphs 1 – 53 as if the allegations therein were fully set forth herein.

55.     The Officers and the Town intentionally and without the right to do so maliciously arrested and was prepared to prosecute Byrd and Edmonds on false charges.

56.     By these actions, the Officers and the Town intentionally violated Plaintiffs' due process rights protected by the 4th. and 14th Amendments to the U.S. Constitution.  Consequently, Defendants are liable to Byrd and Edmonds for the injuries which were directly and proximately caused by the Defendants while acting within the scope of Defendants' authority.

57.     Plaintiffs have been damaged as the result of Defendants' malicious prosecution in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION
### 42 USC §1983
### *MONELL* LIABILITY  -  THE TOWN OF DEWITT

58.     Plaintiffs repeat and reiterate the allegations set forth in paragraphs 1 –57 as if the allegations therein were fully set forth herein.

59.     The Officers are employed by the Town, and at all times material to the allegations of the Complaint the Officers were acting within the scope of their employment and authority.

60.     The Town failed to train, supervise, instruct, and/or monitor the Officers and, as a result of that failure, the Officers were unaware of the proper and lawful police practices and procedures which were applicable to the acts taken by the Officers in arresting Plaintiffs; and/or the Officers knew that they would not be reprimanded by the Town for their improper and unlawful actions concerning the arrest of Plaintiffs and the accompanying violations of Plaintiffs' Constitutional rights.

61.     In the malicious prosecution that Defendants brought against Plaintiffs in East Syracuse Village Court as a result of the incident in Walmart of July 4, 2021, Defendants were obligated

11

pursuant to New York's Criminal Procedure Law to produce any and all allegations of misconduct, or any disciplinary investigations or records, concerning the Town's Police Department and, in particular, the Officers.  However, rather than complying with that mandatory discovery by producing such portions of their personnel files, and after Plaintiffs filed a motion complaining of this failure, the Assistant District Attorney representing Defendants in that prosecution simply chose not to oppose dismissal of that criminal case on December 13, 2022.  These facts provide a fair inference that Defendants' files contain prior incidents of similar misconduct or Constitutional violations which would have required corrective behavior or training by all of the Defendants in order to prevent the type of acts that were perpetrated against Plaintiffs.  These allegations plausibly demonstrate that the Town, as a municipal policy maker, had notice of "a pattern of constitutionally offensive acts" by the Officers, yet failed to take remedial steps in response.  Based upon the foregoing the Town failed to train, supervise, instruct, and/or monitor the Officers.

62.      Plaintiffs have been damaged as the result of the Towns' failure to train, supervise, instruct and/or monitor for the Officers and the resulting Constitutional violations in an amount to be determined at trial.


**WHEREFORE,** Plaintiffs demand judgment against the Defendants jointly and severally on the following causes of action:

1.      As and for the First Cause of Action, damages in an amount to be determined at trial, but no less than one million dollars for each Plaintiff as against Buyck and Spain jointly and severally;

2.      As and for the Second Cause of Action, damages in an amount to be determined at trial, but no less than one million dollars for each Plaintiff as against Buyck and Spain jointly and severally;

3.      As and for the Third Cause of Action, damages in an amount to be determined at trial, but no less than one million dollars for each Plaintiff as against Buyck and Spain jointly and severally;

4.      As and for the Fourth Cause of Action, damages in an amount to be determined at trial, but no less than one million dollars for each Plaintiff as against Buyck and Spain jointly and severally;

5.      As and for the Fifth Cause of Action, damages in an amount to be determined at trial, but no less than one million dollars for each Plaintiff as against Buyck and Spain jointly and severally;

6.      As and for the Sixth Cause of Action, damages in an amount to be determined at trial, but no less than one million dollars for each Plaintiff as against Buyck and Spain jointly and severally;

7.      As and for the Seventh Cause of Action, damages in an amount to be determined at trial, but no less than one million dollars for each Plaintiff as against Buyck and Spain jointly and severally;

8.      As and for an Eighth Cause of Action against the Defendant Town of DeWitt, damages in an amount to be determined at trial, but no less than eight million dollars for each Plaintiff;

9.      Attorneys' fees and costs pursuant to 42 U.S.C. § 1988;

10.     Punitive damages for Defendants' actions which were maliciously taken against Plaintiffs with callow disregard of Plaintiffs' Constitutional rights;

11.     Such other and further relief as to this Court seems just and proper.

12.     Plaintiffs demand a trial by jury as it pertains to this matter.


Dated: _October 11_, 2023


                    Respectfully submitted,



                    _____
                    By: Jasper L. Mills, Esq. (4519344)
                    Attorney for Tanjenik Byrd, Tyrena Edmonds
                    Mills Law Group, PLLC
                    99 Pine Street, Suite 204
                    Albany, NY 12207
                    518-265-5494
                    Millslawgroup@outlook.com

**ATTORNEY VERIFICATION**

I, Jasper L. Mills am legal counsel for TANJENIK BYRD, and TYREANA EDMONDS, the

Claimants in the above-entitled action.  I have read the foregoing COMPLAINT and know the

contents thereof.

I am verifying the complaint on behalf of the plaintiffs, who do not reside within the County

where I maintained my offices, on behalf of the Claimants and myself, I now attest that the

contents are true to my own knowledge except as to matters therein stated to be alleged upon

information and belief, and as to those matters, I believe them to be true.

By:_____

Jasper L. Mills, Esq.